OCEAN SPRAY CRANBERRIES, INC. *vs.* STATE TAX COMMISSION (and two companion cases).

Suffolk.   March 6, 1969. — April 8, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Taxation*, Corporate excise.   *Words*, "Deductions," "Dividends."

In computing the net income of a corporation classified as a foreign manufacturing corporation taxable under G. L. c. 63, § 42B, as amended through St. 1937, c. 383, § 2, and qualified as a farmers' coöperative for Federal income tax purposes, in order to ascertain its liability for an excise in 1963 under c. 63, dividends paid by it upon its capital stock in that year were not "dividends" within the meaning of that word in the definition of "Net income" in § 30, cl. 5, as amended through St. 1933, c. 327, § 3, but were "deductions . . . allowable by the federal revenue act applicable for said taxable year" and so under cl. 5 were deductible from gross income.

APPEAL from a decision by the Appellate Tax Board.

*H. Brian Holland* for the taxpayer.

*Barry F. Corn*, Assistant Attorney General, for the State Tax Commission.

CUTTER, J.   Ocean Spray Cranberries, Inc. (Ocean), a Delaware corporation, is classified as a foreign manufacturing corporation taxable under G. L. c. 63, § 42B (as amended through St. 1937, c. 383, § 2). It qualifies as a farmers' coöperative for Federal income tax purposes under the Internal Revenue Code as in effect during the taxable years

---

ending on May 31, in 1961, 1962, and 1963.[1] For each such year Ocean in its Massachusetts excise tax return under G. L. c. 63 computed no tax to be due so far as its excise was measured by its "net income" as defined in G. L. c. 63, § 30, cl. 5. For each year the Commissioner of Corporations and Taxation made an additional assessment with respect to that part of the excise measured by Ocean's "net income." This was done because he determined that Ocean was not entitled to deduct (in computing its net income) nonpatronage dividends paid during the taxable year upon Ocean's capital stock. These dividends in each year exceeded the gross taxable income attributable to Massachusetts as computed by the commissioner.

An application for abatement of the taxes thus assessed was filed by Ocean for each year and was denied. Upon appeals by Ocean to the Appellate Tax Board, the board rendered decisions for the commission. At Ocean's request, it made findings and a report. It held that, in computing its taxable net income, Ocean was not entitled to deduct the dividends mentioned above. Ocean appealed. It is stipulated that our decision in the case involving the 1963 excise shall be binding in the cases for 1961 and 1962 and that the issues of law in all three cases are identical.

General Laws c. 63, § 30, cl. 5 (as amended through St. 1933, c. 327, § 3, but prior to its amendment by St. 1966, c. 698, §§ 46 and 87, and by St. 1967, c. 755, § 3), reads: "'Net income,' the gross income from all sources, without exclusion, for the taxable year, less the deductions, other than losses sustained by the corporation in other fiscal . . . years and *other than dividends*, allowable by the federal revenue act applicable for said taxable year" (emphasis supplied). In *Broadway Natl. Bank* v. *Commissioner of Corps. & Taxn.* 321 Mass. 25, 27, 29–30, this court held that the words "other than dividends" in c. 63, § 1 (as amended by

---

[1] See Int. Rev. Code of 1954, § 521, and § 522, which was repealed by Pub. L. 87–834, § 17 (b) (2). By the same act, new sections were substituted for or added to certain earlier provisions. Int. Rev. Code, §§ 1381 and 1382. See Pub. L. 87–834, § 17 (a). See also 26 U. S. C. §§ 1381, 1382 (1964).

St. 1933, c. 327, § 1), referred only to dividends *received* by the taxpayer and not to dividends *paid*. Chapter 63, § 1, in this respect, is nearly identical with c. 63, § 30, cl. 5, with the word "bank" substituted for "corporation." It was decided that the bank was entitled to deduct dividends paid by it on shares of its preferred stock held by the United States or by an exempt Federal instrumentality. The Internal Revenue Code of 1939, § 121 (53 Stat. part I, 56), then allowed banks to deduct such dividends in computing their net income subject to Federal tax. Accordingly, the bank was allowed to make such a deduction in computing net income subject to the Massachusetts corporation excise on banks. Ocean contends that the same reasoning requires that we interpret the quoted statutory language of G. L. c. 63, § 30, cl. 5, as permitting Ocean to deduct the dividends paid by it which it is allowed to deduct from gross income in computing its net income subject to Federal income tax under the Federal tax statutes cited above.[2]

The tax commission points out (a) that Ocean's dividends were deductible under special provisions of the Internal Revenue Code applicable only to certain coöperatives; (b) that these code provisions were not applicable to all corporations classified by G. L. c. 63 as "foreign manufacturing corporations"; and (c) that c. 63 (unlike the Federal act which made and makes special provisions for farmers' coöperatives) recognized no subclassification of the group of corporations treated by that chapter as "foreign manufacturing corporations." From these facts, the tax commission argues that only such deductions permitted by the Federal code should be allowed (in computing a foreign

---

[2] The statutes are referred to above (fn. 1). Prior to its repeal, Int. Rev. Code of 1954, § 522 (b) (1), read in part, "In computing the taxable income of such an organization [i.e. an "organization exempt from taxation under" § 521] there shall be allowed as deductions from gross income (in addition to other deductions allowable under this chapter) — (A) amounts paid as dividends during the taxable year on its capital stock . . . ." Section 1382 (c) of the Internal Revenue Code (enacted by Pub. L. 87–834, § 17 [a]) contains a closely similar provision which need not be quoted. The board in its report correctly ruled that by the amendment "the basic policy in the [F]ederal government's tax treatment of coöperatives was unchanged in so far as the basic question in this case is concerned."

manufacturing corporation's "net income" for purposes of the Massachusetts excise under c. 63) as the Federal code allows to *all* corporations classified by c. 63 as "foreign manufacturing corporations." We hold that there is no merit to this contention because § 30, cl. 5, in explicit terms, in defining "net income," for the purposes of § 42B and other sections of c. 63, describes it as "gross income" less the deductions (with stated exceptions which do not exclude this coöperative's dividends) "allowable by the federal revenue act." As already stated, the commission's contention was effectively rejected in the *Broadway Natl. Bank* case, 321 Mass. 25, 27, 29–30, in considering the almost identical language of G. L. c. 63, § 1.

The commission also argues that the deduction for dividends paid, allowed to farmers' coöperatives by the Federal code, is more like an exemption than a deduction. History gives some color to this contention. Prior to 1952, farmers' coöperatives which met the standards of § 101 (12) of the Internal Revenue Code of 1939 (see 53 Stat. part I, 33–34) had been fully exempt from Federal income taxation. In 1951, however (see Revenue Act of 1951, § 314, 65 Stat. 491–492), previously "exempt" farmers' coöperatives (a) were made taxable on their net income so far as not distributed or allocated to their members, but (b) were allowed thereafter to deduct dividends paid on their capital stock, in addition to any deductions otherwise allowable. See 6 Mertens, Federal Income Taxation, § 34.34; Couper, The Farmer, the Cooperative, and the Commissioner, 7 Hastings L. J. 143, 148–149. This dividend deduction, by its express language, seems to us to be not an exemption but within the term "deductions . . . allowable by the federal revenue act" as used in c. 63, § 30, cl. 5, and as interpreted in the *Broadway Natl. Bank* case, 321 Mass. 25.

We recognize that many of the provisions of c. 63, including those of § 30, cl. 5, have evolved over a period of years from efforts to cause Massachusetts excise taxation of banks and business and manufacturing corporations to comply with the requirements of Federal statutes regulating the

State taxation of national banks and also to meet various problems relating to inclusion of income from Federal government bonds within the measure of the corporation excise.[3]   Much of this history is described in Nichols, Taxation in Massachusetts (3d ed.) 549–562, 576–583, 595–597, 613–625.   Confusion has also resulted from the efforts (described in the pages just cited) to have the excises imposed by c. 63, so far as measured by income, related to the provisions of the Federal income tax on corporations defining gross income, deductions therefrom, and net income. There is no occasion for reviewing this history at length. It does not reveal legislative consideration of the precise problem now before us nor does it appear to us to provide any significant basis for interpreting § 30, cl. 5, in a manner contrary to the plain meaning of its language.

The tax commission argues that the Legislature has seen fit to exempt from excise taxation under c. 63 only farmers' coöperatives having no capital stock.   By G. L. c. 157, §§ 10–18, enacted by St. 1923, c. 438, § 4, provision was made for the organization of such coöperatives without capital stock.   Whether formed in Massachusetts or elsewhere, they were exempted by § 18 from taxation under G. L. c. 63 and made subject to other taxing provisions not here relevant.   By § 5 of the 1923 statute, c. 63, § 30, cls. 1 and 2, were amended to exclude domestic corporations without capital stock formed under c. 157, § 10, and similar foreign coöperatives without capital stock, taxable under the provisions of c. 157, § 18.   Ocean is not such a coöperative, for it does have capital stock and thus is taxable under c. 63, § 42B, as amended, in the same way as are other foreign manufacturing corporations.   So far as the excise is measured by "net income,"[4] that net income must be com-

---

[3] See e.g. St. 1919, c. 355; St. 1925, c. 265 (based in part on 1925 House Doc. No. 29, p. 3); St. 1933, c. 327, § 3 (based in part on 1933 House Doc. No. 69, pp. 6–7); *Macallen Co.* v. *Massachusetts,* 279 U. S. 620; *Opinion of the Justices,* 269 Mass. 611; *Educational Films Corp.* v. *Ward,* 282 U. S. 379.

[4] See G. L. c. 63, § 39, as amended by St. 1960, c. 548, § 7, and by St. 1962, c. 756, § 8.   See also later amendments through St. 1967, c. 796, § 19, not here relevant.

puted in the manner set out in c. 63, § 30, cl. 5. We perceive nothing in the provisions of c. 157 sufficient to control the plain language of § 30, cl. 5. Any desired change in that language is for the Legislature, not this court, to make.

The decision of the Appellate Tax Board is reversed. The cases are remanded to the board for further proceedings consistent with this opinion, including the computation and allowance of appropriate tax abatements. Ocean is to have costs of its appeals. See G. L. c. 58A, § 13 (as amended through St. 1968, c. 120, §§ 2–4).

*So ordered.*