# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

STATE TAX COMMISSION *vs.* M S F LEASING CORP. (and two companion cases). February 5, 1973. The State Tax Commission appeals from a decision of the Appellate Tax Board granting partial abatements to M S F Leasing Corp. (taxpayer) of its corporation excise for the years 1966, 1967, and 1968. The taxpayer is a domestic business corporation and a wholly owned subsidiary of the American Brush Company, Inc., a domestic manufacturing corporation. The sole business of the taxpayer was leasing machinery and equipment to the parent company, which used it in manufacturing in Massachusetts. General Laws c. 63, § 30, cl. 7, as in effect in the years in question, exempted from the corporation excise for a period of five years a portion of the value of so much of "a corporation's machinery and equipment" as was situated in Massachusetts on the last day of the taxable year, had a useful life of eight or more years, and was not subject to local taxation. St. 1962, c. 756, § 2; St. 1966, c. 698, §§ 47, 87. The State Tax Commission concedes that the taxpayer's machinery and equipment met the necessary criteria for the exemption but contends that the exemption was intended to apply only to corporations actually engaged in manufacturing. We find nothing in the legislative history that would warrant superimposing such a requirement upon the plain, literal meaning of the statute. See *Ocean Spray Cranberries, Inc.* v. *State Tax Commn.* 355 Mass. 592, 596. The heading on the original 1962 House No. 3834, as amended, and Senate No. 785 is: "An Act . . . to modify the property measure of the corporation excise in order to stimulate investment in machinery and equipment and to promote new industry in the Commonwealth." The machinery and equipment of the taxpayer were used in manufacturing in Massachusetts, and thus, although not owned by a manufacturing corporation, were nonetheless performing the very function for which the exemption was designed.

*Decision of the Appellate
Tax Board affirmed.*

*Kenneth A. Behar*, Assistant Attorney General, for the State Tax Commission.

*Mark A. Michelson* for the taxpayer.