CONTINENTAL-HYANNIS FURN. CO. INC. *vs.* STATE
TAX COMMISSION.

Suffolk.    September 18, 1974. — November 5, 1974.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Taxation,* Sales tax, Accounts receivable.   *Words,* "Gross receipts."

Uncollected and uncollectible accounts receivable must be included
within a vendor's "gross receipts" for purposes of computing the
amount of the sales tax imposed by G. L. c. 64H, § 2.   [308-309]

APPEAL from a decision of the Appellate Tax Board.

*Marshall M. Dranetz (Charles S. Landry* with him) for
the taxpayer.

*Sandra L. Lynch,* Assistant Attorney General, for the
State Tax Commission, was present but did not argue.

HENNESSEY, J.    This is an appeal pursuant to G. L.
c. 58A, § 13, from a decision of the Appellate Tax Board
denying, in part, the taxpayer's request for certain rulings
of law. The requested rulings would have resulted in an
abatement of the amount of sales tax assessed against the
taxpayer. The sole issue raised by this appeal is whether the
sales tax imposed by G. L. c. 64H, § 2, can be assessed and
collected on accounts receivable irrespective of whether
those accounts have been collected by the vendor.

Our examination of the language and clear meaning of
the statute compels us to conclude that accounts receivable
are included within gross receipts for purposes of assessing
the sales tax. We find no basis for interpreting the statute in
a manner contrary to its plain meaning, and the words used
by the Legislature are controlling. *Ocean Spray Cran-
berries, Inc.* v. *State Tax Commn.* 355 Mass. 592, 596
(1969). *Chatham Corp.* v. *State Tax Commn.* 362 Mass. 216
(1972).

General Laws c. 64H, § 2, imposes an excise at the rate of

366 Mass. 308                                             309

Continental-Hyannis Furn. Co. Inc. *v.* State Tax Commission.

three per cent of the "gross receipts" of the vendor. "Gross receipts" as defined by § 1 (6) is "the total sales price received by vendors as a consideration for retail sales." The taxpayer emphasizes the word "received" and argues that uncollected and uncollectible accounts receivable have not been received by the vendor. However, the taxpayer's analysis is in conflict with G. L. c. 64H, § 1 (14) (b), which provides that in determining sales price there shall be included — "(ii) any amount for which credit is given to the purchaser by the vendor." It is clear from this definition that credit sales, most likely carried on a company's books as accounts receivable, are to be included within the total sales price for the purpose of determining gross receipts and that the proper manner to account for such credit sales is by the accrual method and not the cash basis method. Barrett and Bailey, Taxation (2d ed.) § 1352 (1970). Dane, The New Sales and Use Tax Law, 51 Mass. L. Q. 239, 250 (1966).

Admittedly, one effect of including credit sales within gross receipts is that a vendor will be required to pay a tax on the entire sales price even though the purchaser may default on the obligation, in whole or in part.

Nevertheless, it is clear from the statutory scheme set forth in G. L. c. 64H that the Legislature intended to include accounts receivable in the total sales price for the purpose of assessing the sales tax. We are bound to give full force and effect to that intent as expressed in this statute. We are not convinced by the taxpayer's argument that the Legislature could not have intended to perpetrate an injustice by requiring assessment on bad debts or uncollected accounts. Any vendor who does not wish to assume this risk may avoid it by collecting the amount of the tax initially from the purchaser and then extending credit on the purchase price.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*