DUNKIN' DONUTS NORTHEAST DISTRIBUTION CENTER, INC. *vs.* COMMISSIONER OF REVENUE. No. 93-P-1665. February 1, 1995. *Taxation*, Corporate excise, Abatement, Exemption. *Words*, "Agricultural cooperative."

Dunkin' Donuts Northeast Distribution Center, Inc. (the taxpayer), appeals from a decision of the Appellate Tax Board (the board) pursuant to G. L. c. 58A, § 13. The case was submitted to the board on a joint statement of facts, exhibits, and briefs, and we draw the facts from that stipulated record.

The taxpayer was organized under the laws of Delaware as a nonprofit corporation without capital stock. It is one of several regional distribution centers jointly established by Dunkin' Donuts, Inc., the franchisor, and its franchise owners in various geographical regions. Each distribution center purchases food and supplies in bulk and sells the products to the franchisee members at advantageous prices. After deducting its expenses of operations, the taxpayer distributes its net income as patronage dividends to the franchisees.

For the tax years 1982, 1983, and 1987, the taxpayer paid the Massachusetts corporate excise tax, and filed an application for the abatement of the tax for each of those years. The Commissioner of Revenue denied the applications for abatement, and the board affirmed those denials.

The sole issue on appeal is whether the taxpayer is exempt from the corporate excise tax as an agricultural cooperative. An exemption for foreign corporations is provided by G. L. c. 157, § 18, but only if the foreign corporation is organized "for a similar purpose" to corporations organized under G. L. c. 157, § 10.[1] Section 10, which is part of a portion of c. 157

---

[1]General Laws c. 63, § 30, provides that corporations subject to the corporate excise tax do not include corporations organized under the provisions of G. L. c. 157, § 10.

that carries the caption, "AGRICULTURAL AND OTHER COOPERA-
TIVE CORPORATIONS WITHOUT CAPITAL STOCK," permits the
incorporation, without capital stock, of "Agricultural and horticultural as-
sociations engaged in any branch of agriculture . . . and any other farming
activity or business, if instituted for the mutual benefit of their members
and formed for the purpose of doing business without profit to the associa-
tion itself . . . ."

The taxpayer argues that it falls within § 18 because it is "formed for
the purpose of doing business without profit to the association itself." The
argument is that § 18 refers to a "similar purpose" to that described in
§ 10; § 10 contains the words "for the purpose of doing business without
profit"; therefore the only condition for the inclusion of a foreign corpora-
tion within the terms of § 18 is that the corporation be engaged in a non-
profit activity, and the taxpayer is so engaged.

The taxpayer's argument is not persuasive. Section 18 exempts from
taxation under c. 63 — and imposes a tax under the provisions of c. 59 —
domestic corporations organized under § 10 and foreign corporations or-
ganized "for a similar purpose." There is nothing in § 18 that remotely
suggests a legislative intent to favor foreign corporations over domestic
corporations by *eliminating*, for foreign corporations only, the requirement
that the corporation be engaged in a farming activity for the mutual bene-
fit of its members. On the contrary, § 18 *is clear in its purpose to place*
domestic and foreign corporations on the *same* footing but only if organ-
ized and operating for the same or similar purposes. The taxpayer, not
being a corporation (as the taxpayer concedes) which operates for an agri-
cultural or any other farming purpose, has the burden of proving its right
to the abatement, *M&T Charters, Inc.* v. *Commissioner of Rev.*, 404
Mass. 137, 140 (1989). It has failed to do so.[2] A distribution center which
buys and sells food and supplies for its franchisee members is not operat-
ing for an agricultural purpose and is not engaged in any farming activity.
Accordingly, the decision of the board is affirmed.

                                                            *So ordered.*

*Joseph I. Schindler* for the taxpayer.
*Amy Spector*, Assistant Attorney General, for the Commissioner of
Revenue.

---

[2] The appellant cites *Ocean Spray Cranberries, Inc.* v. *State Tax Commn.*, 355
Mass. 592 (1969). That case involved, as the board observed, the application of the
corporate excise tax to a farmers' cooperative classified as a foreign manufacturing
corporation, and has no bearing on this case.
[1] Harriet McFarland.
[2] Of the DiDuca Family Trust.