Sears, Roebuck & Co. & another[1] *vs.* Commissioner of Revenue.

No. 12-P-547.

Suffolk. January 17, 2013. - June 19, 2013.

Present: Cypher, Katzmann, & Rubin, JJ.

*Taxation,* Sales tax. *Debt.*

The Appellate Tax Board properly denied the corporate taxpayer's claims for reimbursement, pursuant to G. L. c. 64H, § 33, of sales taxes it remitted to the Commonwealth from purchases of its products by customers using a private label credit card issued by a bank who defaulted on their accounts with the bank, where the taxpayer's act of separating the sales tax from the credit given by the bank to the purchaser, so that the taxpayer could remit the sales tax to the Commonwealth without being affected by any default by the purchaser in a credit account with the bank, did not render the taxpayer a vendor who has paid an excise "upon a sale for which credit is given to the purchaser" within the meaning of the statute. [769-771]

Appeal from a decision of the Appellate Tax Board.

*Michael J. Bowen* for the taxpayer.

*Amy Spector,* Assistant Attorney General, for Commissioner of Revenue.

Cypher, J. The plaintiff, Sears, Roebuck & Co. (Sears), appeals from a decision of the Appellate Tax Board (board) denying its claims for reimbursement of sales taxes it remitted to the Commonwealth from purchases of its products by customers using a private label credit card issued by Citibank, N.A. (Citibank), and who later defaulted on their accounts with the bank.

*Facts.* We summarize the background from the board's findings based on the parties' joint stipulation and their agreed statement of facts.[2]

---

[1]RadioShack Corporation.

[2]Both Sears and RadioShack Corporation (RadioShack) filed petitions with

Sears provided its customers the option of purchasing its products on credit with a private label credit card issued by Citibank. As a vendor registered with the Commissioner of Revenue (commissioner), Sears was required to collect and remit sales tax on tangible personal property to the Department of Revenue (department). G. L. c. 64H, § 2, as in effect prior to St. 2009, c. 27, § 53. Under its agreement with Sears, Citibank extended credit to the purchasers, and paid Sears the full retail price of the purchases, including the applicable sales tax. Obligated to remit the sales tax after the sale is completed, G. L. c. 64H, § 1, Sears subsequently remitted the sales tax for each sale to the department with its sales tax returns.

When some of the purchasers defaulted on their accounts, Citibank wrote off those accounts after determining they were worthless. While Sears was unaffected by those losses, it nevertheless decided to seek reimbursement of the sales tax it had remitted to the department, pursuant to G. L. c. 64H, § 33, as in effect prior to St. 2008, c. 182, § 42, the so-called "bad debt statute." *Household Retail Servs., Inc.* v. *Commissioner of Rev.*, 448 Mass. 226, 227 (2007) (*Household*).

Sears's claims, filed with the commissioner in December, 2007, were denied. Sears then appealed the commissioner's refusal to abate or refund the sales tax to the board pursuant to G. L. c. 62C, § 39. After a hearing, the board granted the commissioner's motion for summary judgment, and, on January 11, 2012, issued a written decision dismissing Sears's appeal. Sears filed an appeal in this court on March 30, 2012.

*Discussion.* Where, as here, there is no factual dispute, our review of the board's decision is "limited to questions of law." *Towle* v. *Commissioner of Rev.*, 397 Mass. 599, 601 (1986).

Sears asserts that under the bad debt statute it is entitled to reimbursement of the sales tax it remitted to the Commonwealth,

the Commissioner of Revenue (commissioner) seeking reimbursement for sales taxes Sears paid for tax years 2006 through 2009, and RadioShack paid for tax years 2005 through 2008. Because the uncontested facts of both appeals are identical in all material respects, the board consolidated the appeals and considered only Sears's petitions for tax years 2006 and 2007. The parties agreed that the commissioner's decision on those two petitions would be determinative of the remaining petitions of Sears as well as those filed by RadioShack.

claiming it is a "vendor who has paid to the commissioner an excise . . . upon a sale for which credit is given to the purchaser and such account is later determined to be worthless."[3] This assertion is not only based on an implausible interpretation of G. L. c. 64H, § 33, but ignores the purpose of the bad debt statute as explicated in *Household*, 448 Mass. at 230.

In *Household*, the court definitively ruled that in enacting G. L. c. 64H, § 33, the Legislature designed the statute "to afford some relief under the Massachusetts advance tax system to vendors who must, on behalf of the Commonwealth, compute, collect, and file sales tax returns, and remit full sales tax for each customer transaction, even if the customer subsequently defaults on its payment obligation to the vendor." As the court stated, "vendors . . . serve as trustees for the Commonwealth's retail sales taxes." *Household*, 448 Mass. at 230. The court noted that the statute was "in response to our decision in *Continental-Hyannis Furn. Co.* v. *State Tax Comm'n*, [366 Mass. 308, 309 (1974)]," which held that where credit sales were included in gross receipts upon which sales tax was computed, a vendor "could not recover the portion of the sales tax paid on a sale in which the buyer received credit and later defaulted because no statute specifically authorized a recovery of the sales tax on a bad debt." *Household, supra.*

Here, through its agreement with Citibank, Sears separated the sales tax from the credit given by Citibank to the purchaser, so that it could remit the sales tax to the Commonwealth without being affected by a purchaser's default in a credit account with Citibank. Therefore, any default in a credit account had no apparent adverse economic consequences to Sears because Citibank paid the sales tax to Sears, as well as the full retail price of the sale. Sears thereby was not a vendor who has paid an excise "upon a sale for which credit is given to the purchaser." G. L. c. 64H, § 33. The board properly ruled that Sears is not entitled to reimbursement of sales tax under § 33.

---

[3]General Laws, c. 64H, § 33, states, in relevant part:

"Any vendor who has paid to the commissioner an excise under this chapter upon a sale for which credit is given to the purchaser and such account is later determined to be worthless shall be entitled to reimbursement without interest of the excise paid to the commissioner on such worthless account."

Although Sears has not provided any information on the terms of its agreement with Citibank, we think that the agreement reflects an understanding of the *Continental-Hyannis Furniture Co.* v. *State Tax Commn.* court's warning that "[a]ny vendor who does not wish to assume the risk [of paying a tax on a defaulted account] may avoid it by collecting the amount of the tax initially from the purchaser and then extending credit on the purchase price." 366 Mass. at 309. Here, the agreement eliminates any risk to Sears connected with a purchaser's defaulting on a credit account by requiring that Citibank first pay the sales tax and purchase price to Sears before extending credit to the purchaser.

Because Sears has protected itself from the adverse consequences of a purchaser's default on a credit account, we reject the lengthy and unmeritorious arguments in its brief which propose an interpretation of G. L. c. 64H, § 33, that would provide reimbursement to Sears. An interpretation permitting reimbursement of sales tax to a vendor which has not extended credit to a purchaser and is not harmed by a purchaser's default against a third party creditor would not only absurdly result in a windfall for the vendor, but would be an interpretation contrary to § 33 and the ruling of the Supreme Judicial Court in *Household*, 448 Mass. at 230.

Sears has failed in its burden to prove "as matter of law its right to an abatement of the tax." *Circuit City Stores, Inc.* v. *Commissioner of Rev.*, 439 Mass. 629, 633 (2003). The board properly interpreted the plain language of the statute. *Household*, 448 Mass. at 230, and cases cited.

*Decision of the Appellate Tax Board affirmed.*